# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 13 |
| KAREN J. ANDRADE, | ) | Case No. 16-31020-EDK |
| | ) | |
| Debtor | ) | |
| | ) | |
| KAREN J. ANDRADE, | ) | Adversary Proceeding |
| | ) | No. 17-3009 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CINDY C. ESSENFELD and MARK W. ANDRADE, | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF DECISION

On November 30, 2016, Karen J. Andrade (the "Debtor"), filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.[1]  In 2008, after the death of her father, the Debtor, along with her sister and brother, became owners, as tenants in common, of the father's real property located in Lynbrook, New York by operation of law.  On April 28, 2017, the Debtor initiated an adversary proceeding against her sister and brother, seeking, *inter alia*, authority to sell both her interest and the co-owners' interests in the New York property under § 363(h) of the Bankruptcy Code.  Although the defendants have not responded to the complaint, for the reasons

---

[1] *See* 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code" or the "Code").  All statutory references are to the provisions of the Bankruptcy Code unless otherwise stated.

1

set forth herein, the Court has determined that the § 363(h) claim (Count I of the complaint) must be dismissed.

Section 363(h) of the Bankruptcy Code provides that a "*trustee* may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property" under certain limited circumstances. 11 U.S.C. § 363(h) (emphasis supplied). Pursuant to § 1303, Chapter 13 debtors are authorized to exercise a limited set of powers otherwise granted to a trustee. Specifically, the Chapter 13 debtor has, "exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l)." 11 U.S.C. § 1303. Notably absent from this list is § 363(h).

The Court has identified five published cases allowing a Chapter 13 debtor to proceed under § 363(h). The court in one case simply assumed, with no discussion, that the Chapter 13 debtor had authority to proceed with a § 363(h) action.[2] In a separate case, the court relied on the 1978 Senate Report which would have given Chapter 13 debtors the right to proceed under § 363(h).[3] But, as noted in *Wrublik v. Wrublik (In re Wrublik)*, 312 B.R. 284, 286-87 (Bankr. D. Md. 2004), the competing House version omitted § 363(h), and the enacted version of the Code omitted that section as well.

The most substantive reason for allowing a Chapter 13 debtor to utilize § 363(h) of the Code is found in the three cases where each court concluded that "[b]ecause § 363(h) specifically incorporates subsection (b) by reference . . . the debtor can proceed under § 363(h)." *Wright v. Wright (In re Wright)*, 2009 WL 2384189, *2 fn. 1 (Bankr. W.D. Ark. July 31, 2009).[4] The Court

---

[2] *Yakubesin v. Yakubesin (In re Yakubesin)*, 83 B.R. 462 (Bankr. S.D. Ohio 1988).

[3] *Janoff v. Janoff (In re Janoff)*, 54 B.R. 741, 742 (Bankr. D.N.J. 1985).

[4] *See also In re Belyea*, 253 B.R. 312, 314 (Bankr. D.N.H. 1999); *Rishel v. Rishel (In re Rishel)*, 166 B.R. 276, 278 (Bankr. W.D. Pa. 1994).

2

finds this reasoning unpersuasive. Section 363(h) addresses sales of a particular type of property – i.e., property co-owned with a nondebtor – noting that the sale of the estate property can either be outside the ordinary course of business (§ 363(b)) or within the ordinary course (§ 363(c)). The Court does not read this reference in § 363(h) as "incorporating" § 363(b), which is among the trustee powers granted to Chapter 13 debtors. While a § 363(h) sale must also be pursuant to § 363(b) or (c), the power to sell under § 363(b) exists separately from § 363(h). Section 363(b) sales can, and frequently do, occur where there is no co-owner. And that is the limited authority granted to a Debtor under § 1303 – the power to sell estate property under § 363(b), but not the authority to attempt a § 363(b) sale if the property is co-owned.

The majority of recent cases have also rejected this "incorporation" theory, holding that the plain language of the statute, especially in light of the Supreme Court's ruling in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000), leads to the obvious conclusion that Chapter 13 debtors cannot bring § 363(h) actions.[5] The Court agrees with the plain language analysis and holds that a Chapter 13 debtor may not force the sale of property co-owned with a nondebtor as a tenant in common, joint tenant, or tenant by the entirety under § 363(h). This conclusion is consistent not only with a recent majority of courts to address the issue, but is also consistent with the vast majority of case law regarding limitations on a Chapter 13 debtor's right to exercise trustee powers under the Bankruptcy Code. *See Kalesnik v. HSBC Bank Nat'l Assn. (In re Kalesnik)*, Ch. 13 Case No. 15-30597, Adv. No. 16-3027, Memorandum of Decision, ECF No. 36 (Bankr. D. Mass. July 11, 2017).

The Court recognizes that *sua sponte* dismissals are disfavored and are to be used only in

---

[5] *See Kao v. Kelly (In re Kao)*, 2015 WL 4116893, *2 (Bankr. S.D. Tex. July 7, 2015); *In re Alvarez*, 2012 WL 1425097, *3 (Bankr. S.D. Fla. April 24, 2012); *In re Dahlgren*, 418 B.R. 852, 859 (Bankr. D.N.J. 2009); *Hunter v. Citifinancial, Inc. (In re Hunter)*, 284 B.R. 806, 813 (Bankr. E.D. Va. 2002); *Wrublik v. Wrublik (In re Wrublik)*, 312 B.R. 284, 286-87 (Bankr. D. Md. 2004); *In re Perry*, 131 B.R. 763, 765 (Bankr. D. Mass. 1991).

very limited circumstances. *See e.g., Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 30 (1st Cir. 2000). Here, the Court reaches its decision in reliance only on the determination that the Debtor lacks standing to prosecute her § 363(h) claim. This is truly one of the rare circumstances in which "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," warranting *sua sponte* dismissal. *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) (quoting *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)).

Accordingly, the Court will *sua sponte* DISMISS Count I of the Debtor's complaint. An order will issue forthwith.

DATED: July 12, 2017              By the Court,

                                  *[signature]*

                                  Elizabeth D. Katz
                                  United States Bankruptcy Judge